SUSAN PARRIOTT v. D. O. BOWERS, Defendant, CYNTHIS M. BOWERS, Intervener, Appellant.

WIFE AS CREDITOR: *Evidence.* Where a levy was made on defendant's property under a landlord's attachment, and the defendant executed a mortgage on the property to his wife, prior to the term of the lease to secure the sum of $300 which she let him have twenty-two years before, and for which she had never before demanded any note or security, the plaintiff's attachment was entitled to priority, since it is evident that there was no intention to treat the three hundred dollars as a debt until the financial embarrassment of the husband suggested it.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, MAY 21, 1900.

ACTION to recover rent, aided by a landlord's attachment, which was levied upon certain live stock and farm implements kept and used on the leased premises. Cynthia M. Bowers intervenes, and claims the attached property by virtue of a chattel mortgage. The case was transferred to, and heard as in equity, and a decree rendered giving plaintiff's lien priority over the mortgage of intervener. Intervener appeals.—*Affirmed.*

*E. P. Andrews* for appellant.

*B. H. Mallory* and *J. H. Scales* for appellee.

GIVEN, J.—The lease of the farm from plaintiff to defendant was executed August 21, 1896, and ran from the first day of March, 1897, to the first day of March, 1899. Defendant took possession March 1, 1897; taking with him onto the farm the property in question. On the eleventh day of February, 1897, D. O. Bowers executed to his wife, the intervener, his chattel mortgage on certain described live stock and farm implements, to secure the payment of his promissory note of same date to his wife for three hundred dollars, due February 11, 1898. This mortgage was filed for record February, 13, 1897. It is under it that appellant claims the property in question, and the sole contention is whether, under it, appellant is entitled to priority over plaintiff's landlord's attachment,—in other words, whether it is valid as against creditors of D. O. Bowers. Appellant and her husband alone testify as

to the consideration for which this note and mortgage were given, and their testimony is, in effect, as follows: That prior to their marriage, in 1871, Mrs. Bowers, then twenty-seven years of age, had accumulated three hundred dollars in money, part of which she had loaned, and that at different times within two years she let her husband have different sums of money as she received it,—in all, amounting to three hundred dollars—and that it was for this money that the note and mortgage were given. This positive testimony stands uncontradicted, and we see no reason to doubt it, but it does not necessarily follow that an indebtedness arises when husband or wife gives to the other his or her individual money. It is a frequent occurrence that wives, having separate means, give thereof to their husbands, to have and to use as their own, without any thought of thereby creating an indebtedness, and such we think is this case. No note or memorandum was made as to this money, and more than thirty-three years were allowed to pass without more than an occasional mention. Appellant says she never asked for a note before the time this one was given. Making due allowance for the fact that they were husband and wife, still their actions show that they did not regard this transaction as a loan. It was not until twenty-two years after that they treated it as a loan, and this was after Mr. Bowers had become liable on this lease, and on the same day that Mr. Bowers executed two other mortgages covering most of his property,—one to his son, and one to his son-in-law. We are satisfied that it was not intended to treat the three hundred dollars as a debt until the embarrassment of Mr. Bowers suggested it. The decree is correct, and it is therefore AFFIRMED.